UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Autumn O'Rourke</u>,
    Plaintiff

    v.                                     Case No. 12-cv-445-SM
                                            Opinion No. 2014 DNH 155
<u>Boyne Resorts d/b/a Loon</u>
<u>Mountain Recreation Corporation</u>,
    Defendant

**O R D E R**

Plaintiff's Motion to Reconsider Order on Defendant's Motion for Summary Judgment, doc. no. 41, is denied for the reasons set forth in defendant's Objection to the motion, doc. no. 42. Plaintiff has not shown, as she must, any "manifest error of fact or law" in the court's ruling. L.R. 7.2(d).

The motion is also denied on grounds that plaintiff raises and develops theories of decision-maker liability, including the "cat's paw" theory, see <u>Staub v. Proctor Hosp.</u>, __ U.S. __, 131 S. Ct. 1186, 1192 (2011), for the first time in her motion to reconsider. See Motion to Reconsider, doc. no. 41, at 3 n.2. The proper time for plaintiff to have raised and argued those theories was in her opposition to defendant's motion for summary judgment. In her opposition brief, however, plaintiff did not develop these newly presented legal theories in a comprehensive or comprehensible way. With regard to the "cat's paw" theory, in

particular, plaintiff did not provide even a cursory citation to Staub.  See generally J. Cajigas & Assoc., PSC v. Municipality of Aguada, 2014 WL 320653, at * 2 (D.P.R. Jan. 29, 2014) ("Perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed waived.") (citing Medina-Rivera v. MVM, Inc., 713 F.3d 132, 140-41 (1st Cir. 2013) ("developing a sustained argument out of . . . legal precedents" is a party's "job") (internal quotation marks omitted).  And, plaintiff concedes that she raised the cat's paw issue for the first time in her motion to reconsider.  See Pl. Reply Br., doc. no. 46 at 2.

The Court of Appeals for this Circuit has warned that motions for reconsideration are not occasions for raising arguments for the first time or developing previously undeveloped arguments.  See Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 26 (1st Cir. 2007) (holding district court did not abuse its discretion in denying motion for reconsideration that presented new and previously undeveloped arguments).

> Litigation is not a game of hopscotch.  It is generally accepted that a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling. E.g., DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 33 (1st Cir. 2001); Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997).  This principle has deep prudential roots.  Litigants normally must frame the issues in a case before the

>    trial court rules.  After that point, a litigant should
>    not be allowed to switch from theory to theory like a
>    bee in search of honey.  Against this backdrop, the
>    district court scarcely can be said to have abused its
>    discretion in refusing to reconsider its decision based
>    on the plaintiff's newly raised argument.

<u>Cochran v. Quest Software, Inc.</u>, 328 F.3d 1, 11 (1st Cir. 2003). <u>See also</u> <u>Hudson v. Town of Weare</u>, 2012 WL 6149523, at * 1 n.1 (D.N.H. Dec. 11, 2012) (denying motions for reconsideration that raised new arguments).  <u>See also</u> <u>United States v. Torres-Rosa</u>, 209 F.3d 4, 6 (1st Cir. 2000) (concluding that it is not the court's obligation "to do counsel's homework.").

## Conclusion

To the extent plaintiff relies on arguments not previously raised or developed, she has not established a basis for reconsideration.  In all other respects, the court finds no manifest error of fact or law in its summary judgment ruling. Plaintiff's Motion to Reconsider, doc. no. 41, is, necessarily, denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 15, 2014

cc:   Leslie H. Johnson, Esq.
      Donald L. Smith, Esq.
      Margaret A. O'Brien, Esq.